

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 28, 1962

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. WW-1517

Re: Whether under the facts
submitted, a corpora-
tion chartered by an
association of teachers
should pay the franchise
tax required by Chapter
12, Title 122A, Taxation-
General, V.C.S.

Dear Mr. Calvert:

You have requested the opinion of this office concern-
ing the liability for payment of franchise tax of a corpora-
tion chartered by an association of teachers. Your request
included the purpose clause of this corporation, which is as
follows:

"Section 1. To cooperate with the Texas
State Teachers Association and the National
Education Association in the promotion within
the teaching group of the highest type of pro-
fessional practices; to encourage active partici-
pation of all teachers in the solution of school
problems; to encourage every member to be a pro-
gressive student of education; and to arouse
allegiance to a genuine code of professional
ethics.

"Section 2. To encourage higher qualifi-
cations for entrance into the teaching profession;
to guide well endowed young people to select
teaching as a life work; to improve the social
and economic status of teachers; and to form a
representative body able to speak with authority
for them.

"Section 3. To promote, encourage and
assist other local teacher organizations and to
promote cooperation among such organizations and
their members.

"Section 4. To cooperate with parent-teacher associations and other civic bodies having educational objectives and to aid in interpreting to the public the problems, the functions, and the steady progress of the public schools.

"Section 5. To encourage teachers to exercise their rights and privileges as citizens and to accept willingly leadership in civic affairs."

We understand from your request that this corporation was organized under the Texas Non-Profit Corporation Act, Chapter 9, Title 32, Vernon's Civil Statutes. There is no provision exempting all such corporations from payment of franchise tax.

Article 12.01, Taxation-General, V.C.S., as amended Acts 1961, 57th Leg., p. 182, ch. 97, §1, provides that:

"(1) Except as herein provided, every domestic and foreign corporation heretofore or hereafter chartered or authorized to do business in Texas or doing business in Texas, shall, on or before May 1st of each year, file such reports as are required by Article 12.08 and 12.19 and pay in advance to the Secretary of State a franchise tax for the year following. . ."

Article 12.03, Taxation-General, V.C.S., lists a number of exemptions from the franchise tax. Of the categories of corporations qualifying for exemption, the closest to the corporation in question are corporations organized for "strictly educational purposes, or for purely public charity." (Emphasis added.)

Two fundamental principles should be noted here. As pointed out in Attorney General's Opinion No. O-4137, wherein a question similar to the present one was discussed, "It is too fundamental to require the citation of authorities that one claiming an exemption from the payment of taxes must clearly come within the exemptions therefrom provided by the law." The rule that in determining the effect of a statute, every word is presumed to have a purpose and each word should be given effect, was clearly stated in Eddins-Walcher Butane Co. v. Calvert, 156 Tex. 587, 298 S.W.2d 93 (1957).

Giving effect to the words "strictly" and "purely" as used in Article 12.03, it is apparent from the above purpose clause that the corporation in question will not come within the exemptions set out in that Article.

Section 1 of the purpose clause is clearly a professional purpose, designed to improve the quality of the teaching profession. Section 2 is much the same, but provides for improving the "social and economic status of teachers" and for forming "a representative body able to speak with authority for them." These sections, together with Section 3, indicate a purpose and function of the corporation not significantly different from those of other professional and trade associations, i.e., to better the social and economic conditions of their members.

Section 4 is, by itself, more nearly an educational purpose, and Section 5 suggests the encouragement of general civil responsibility among teachers.

While teachers are educators and are employed primarily to educate, the purpose clause of the corporation considered here reveals that the corporation itself was not organized for "strictly educational purposes, or for purely public charity." Hence the corporation does not qualify for exemption from the franchise tax.

## SUMMARY

Under the submitted facts, a corporation organized by an association of teachers, the purpose of which is neither strictly educational nor purely public charity, is not exempt from payment of the corporation franchise tax.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _____
J. Albert Pruett, Jr.
Assistant Attorney General

JAP:ca

Honorable Robert S. Calvert, Page 4 (WW-1517)


APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Norman Suarez
W. O. Shultz
Cecil Rostch

REVIEWED FOR THE ATTORNEY GENERAL
BY   Leonard Passmore